UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 18-40261-KKS |
| Michael Echols ) | |
| ) | |
| Debtor | |

### TRUSTEE'S APPLICATION FOR AUTHORITY AND APPROVAL TO EMPLOY GAYLENE STANLEY, A MEMBER OF LORD & STANLEY REALTY INC, AND APPROVE LISTING AGREEMENT FOR SALE OF REAL PROPERTY

Sherry Chancellor, the Chapter 7 Trustee herein, pursuant to 11 U.S.C. §327, respectfully states:

1. The Applicant is the duly qualified and acting Chapter 7 Trustee of the bankruptcy estate of Michael Echols.

2. Gaylene Stanley, a member of Lord & Stanley Realty Inc, (jointly referred to hereafter as "Local Listing Broker") has the expertise and knowledge to assist the Chapter 7 Trustee with the listing and sale of real property known as 200 PARKBROOK CIR TALLAHASSEE, FL 32301 (the "Real Property").

3. The Real Property is not the Debtor's homestead and no exemption has been claimed by the Debtor as to this Real Property, nor has anyone claimed an exemption of the Real Property on behalf of the Debtor or on behalf of any party.

4. The Chapter 7 Trustee desire to employ Local Listing Broker to provide professional services on behalf of this bankruptcy estate for the listing and sale of the Real Property identified hereinabove, in which the above-named Debtor holds an interest. The Local Listing Broker is requesting a commission of two percent (2%) of the gross sale proceeds. All fees and expenses will be presented to the Court for approval prior to payment.

5. Attached hereto as Exhibit "A" is the duly executed and verified statement on behalf of the Local Listing Broker that their employees and members are disinterested persons, as the term is used in the Bankruptcy Code, do not hold an interest adverse to the bankruptcy estate, is not aware of any connection with the Debtor, creditors, any other party in interest, their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee and understand there is a continuing duty to disclose any such adverse interest.

6. Notice of this Application is being served upon the Office of the United States Trustee, Debtor's counsel, Debtor and all parties of interest in this matter.

7. Attached hereto as Exhibit "B" is a copy of the Listing Agreement and the Chapter 7 Trustee requests that the Court approve this Agreement, which the Chapter 7 Trustee has executed on behalf of this bankruptcy estate.

8. BK Global Real Estate Services ("BK Global") has been retained by the Chapter 7 Trustee and BK Global has agreed to fully cooperate with Local Listing Broker, and to be paid the real estate commission agreed to by the Secured Creditor.

9. Carrington Mortgage Services claims a mortgage interest in and to the Real Property known as 200 PARKBROOK CIR TALLAHASSEE, FL 32301 and has consented to the sale of the Real Property subject to their security interest.

WHEREFORE, the Trustee prays the Court enter an Order approving and authorizing the employment of Gaylene Stanley, a member of Lord & Stanley Realty Inc, to perform professional services on behalf of this bankruptcy estate, for the listing and sale of the Real Property known as 200 PARKBROOK CIR TALLAHASSEE, FL 32301, in which the Debtor holds an ownership interest; and for such other and further relief as the Court deems necessary.

Respectfully submitted this the 20th day of December 2018.

/s/ Sherry F. Chancellor
SHERRY F. CHANCELLOR
Florida Bar No. 434574
619 West Chase Street
Pensacola, Florida 32502
(850) 436-8445

CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2018, the above and foregoing document was filed electronically using CM/ECF and a true and correct copy of this document was served as follows:

__X__ upon filing, the CM/ECF system sent notification to all parties listed in the attached Notice of Electronic Filing

- **Robert C. Bruner**   rbruner@brunerwright.com, melanie@brunerwright.com; twright@brunerwright.com; reception@brunerwright.com
- **Jason H. Egan**   jason.h.egan@usdoj.gov
- **United States Trustee**   USTPRegion21.TL.ECF@usdoj.gov

and, any and all other parties, if any participating in the CM/ECF system in this matter as shown within the receipt generated at the time of the filing of this Application; and

__x__ By U.S. Mail to the following

Michael Echols, 2313 Braeburn Circle, Tallahassee, FL 32309
PRA Receivables, PO Box 41021, Norfolk, VA 23541

/s/ Sherry F. Chancellor
SHERRY F. CHANCELLOR

TALLAHASSEE BOARD OF REALTORS®, INC.
# LISTING AGREEMENT FOR EXCLUSIVE RIGHT OF SALE
(REVISED APRIL 2017)



1. **DATE OF AGREEMENT:** _____

2. **PARTIES:** _____ Gaylene Stanley _____ as BROKER, and
_____ Sherry F Chancellor BK Trustee for the esttae of Michael Echols _____ as SELLER agree that BROKER
shall be engaged to market and sell Real Property owned by SELLER as follows:

3. **LEGAL DESCRIPTION** of real estate:
   Lot __21__ Block _____ Subdivision __Park Brook Crossing__ Unit __A__
   located in __Leon__ County, FL. ☐ Metes and Bounds legal description attached.
   Property Address: __200 Parkbrook Cir Tallahassee, FL__ Zip Code: __32301__

4. **PRICE:** The Property shall be offered at the following price: $ 84900.00

5. **TERM OF AGREEMENT:** SELLER hereby gives BROKER __N/A__ months, expiring __N/A__ the exclusive right to find a Buyer for the above described Property.
   **(A)** In the event the SELLER decides not to sell the Property BROKER may agree to cancel this agreement. If Broker agrees to cancel, SELLER agrees to sign a SELLER Listing Agreement Cancellation, reimburse BROKER for all expenses incurred in marketing the Property and simultaneously pay the BROKER a cancellation fee of __N/A__.
   **(B)** Broker may, at BROKER'S discretion, cancel this Agreement upon ___ days (if left blank, 15 days) written notice to the SELLER.

6. **PERSONAL PROPERTY:** All fixed equipment, fixtures and the following non-fixed items are included in the purchase price:

   ☐ Above Ground Pool          ☐ Generator              ☐ Range/Oven                ☐ Washer
   ☐ Ceiling Fans-all           ☐ Ice Maker-Stand Alone  ☐ Refrigerator ☐ with Ice Maker  ☐ Water Softener /Purifier
   ☐ Central Vacuum and Attachments  ☐ Intercom         ☐ Satellite System          ☐ Window Treatments - all
   ☐ Dishwasher                 ☐ Irrigation System      ☐ Security System - owned   ☐ Window/Wall AC
   ☐ Disposal                   ☐ Light Fixtures - all   ☐ Spa or Hot Tub with Heater  ☐ _____
   ☐ Dryer                      ☐ Microwave Oven         ☐ Storage Shed              ☐ _____
   ☐ Garage Door Opener         ☐ Pool Equipment         ☐ Surveillance Equipment    ☐ _____
      and Transmitter(s)        ☐ Pool Heater            ☐ Trash Compactor           ☐ _____

   The following items are excluded: _____
   _____

7. **SELLER'S REPRESENTATIONS:** SELLER warrants that representations of Property furnished to BROKER by SELLER are true. SELLER represents that SELLER has legal authority and capacity to convey the Property with all improvements. SELLER further certifies and represents that the Property has no known latent defects or facts that materially affect the Property's value except those as noted on the Tallahassee Board of Realtor's "Seller's Property Disclosure". SELLER agrees to immediately inform BROKER of any material facts that arise after signing this Agreement. SELLER agrees to indemnify BROKER and hold BROKER harmless from losses, damages, costs and expenses of any nature, including attorney's fees, and from liability to any person, that BROKER incurs because of (a) SELLER'S negligence, representations, misrepresentations, actions or inactions, or, (b) the existence of undisclosed material facts about the Property. This clause will survive BROKER'S performance and the transfer of title.

SELLERS Initials: _SFC_ _lee_

Serial#: 066023-200153-6852741
Prepared by: Gaylene Stanley | Lord & Stanley Realty, Inc. | gaylene@lordandstanley.com | 8508772189
formsimplicity

8. **SELLER'S RESPONSIBILITIES:** SELLER agrees to furnish BROKER keys to the Property. SELLER will make the Property available for BROKER to show to prospective Buyers during reasonable hours. SELLER agrees to immediately refer all inquiries on the Property to BROKER and to inform BROKER prior to leasing, mortgaging or otherwise encumbering the Property. SELLER will consult appropriate professionals for related legal, tax, property condition, environmental, foreign reporting requirements and other specialized advice.

9. **BROKER'S RESPONSIBILITIES:** In consideration of this Exclusive Right of Sale, BROKER agrees to (a) Process the Property through the Multiple Listing Service within _____ days of execution of this Agreement; (b) Market the Property as BROKER deems advisable; (c) Furnish sales information requested by any Broker.

**SELLER acknowledges that if the property is marketed and/or sold prior to being entered in the Multiple Listing Service the property may not receive maximum market exposure.**

10. **SELLER'S COSTS:** SELLER authorizes BROKER to arrange for and obtain all items necessary to consummate a closing on the Property as agreed upon by SELLER and Buyer and directed by the Contract for Sale and Purchase between those parties. SELLER agrees to be responsible for payment of these items in a timely fashion regardless of the outcome of the transaction.

11. **PRORATIONS:** All taxes from the current year, assessments imposed by a Community Development District (COD), rents, other income and expenses of the Property, and homeowner's association dues, if applicable, shall be prorated as of date of closing.

12. **BROKERAGE FEE:**

    (A) For finding a Buyer ready, willing and able to purchase the Property, SELLER agrees to pay BROKER, no later than closing date a brokerage fee of $_____ or __6__ % of the price at any price and terms acceptable to SELLER, along with $_____ transaction fee. Closing is not a prerequisite for brokerage fee being earned. Brokerage fee is due if any interest in the Property is transferred whether by sale, exchange, governmental action, or any other means of transfer, including if SELLER defaults on an executed Contract for Sale and Purchase or agrees with a Buyer to cancel an executed Contract for Sale and Purchase where Buyer is not relieved of obligations to purchase under the terms of any Contract agreements, whether the Buyer be secured by BROKER or SELLER, or by any other person; or, if the Property is sold within _____ months after expiration or cancellation of this agreement to any person to whom the said Property has been submitted by BROKER, a cooperating BROKER, or SELLER'S representatives. This provision survives termination of this agreement. No brokerage fee shall be due BROKER if, after this listing has expired, the Property is relisted with another Broker and sold through that Broker's listing agreement.

    (B) In exchange of this Property, permission is given BROKER to receive brokerage fees from both parties.

    (C) BROKER will provide the following representation to SELLER:
    
    ☐ TRANSACTION BROKERAGE
    
    ☐ SINGLE AGENCY, BROKER may transition to Transaction Broker when required. SELLER must sign required "Consent to Transition to Transaction Broker" agreement.
    
    ☐ NO-BROKERAGE RELATIONSHIP

    (D) COOPERATION WITH OTHER BROKERS:
    
    ☐ $_____ or ____N/A____ % Brokerage Fee will be offered to Transaction Brokers of the TBR/CATRS MLS.
    
    ☐ $_____ or ____N/A____ % Brokerage Fee will be offered to Single Agent Brokers of the TBR/CATRS MLS.
    
    ☐ $_____ or ____N/A____ % Brokerage Fee will be offered to No Brokerage Brokers of the TBR/CATRS MLS.

    Above compensations apply to contracted reciprocal agreements, if any, with other Board/MLS(s).

13. **DEPOSITS:** If a deposit is forfeited by a Buyer, the SELLER will be entitled to ____N/A____ % of the deposit.

14. **NO VERBAL AGREEMENTS:** SELLER and BROKER acknowledge that this Agreement does not guarantee a sale and that there are no other agreements, promises or understandings either expressed or implied between them other than specifically set forth herein and that there can be no alterations or changes to this Agreement except in writing and signed by both BROKER and SELLER. SELLER warrants there are no prior agreements on this Property, listing, sale or otherwise, that have not been terminated.

SELLERS Initials: _____

Serial#: 066023-200153-6852741
Prepared by: Gaylene Stanley | Lord & Stanley Realty, Inc. | gaylene@lordandstanley.com | 8508772189

formsimplicity

15. **NON-DISCRIMINATION:** This Property is offered to any person without regard to race, color, religion, national origin, sex, age, handicap, or familial status, or by any other factor protected by federal, state, or local law.

16. **AUTHORIZATIONS:**

    (A) SELLER ☐ does ☐ does not authorize the use of a lockbox system.

    (B) SELLER authorizes BROKER to place appropriate signage on the Property, including, but not limited to For Sale sign(s), Sale Pending rider(s), and Sold rider(s).

    (C) SELLER authorizes BROKER to use SELLER'S name when marketing the Property.

    (D) SELLER authorizes BROKER to advertise the Property as BROKER deems beneficial in newspapers, publications, computer networks, including internet sites and other media to include photos and virtual tours (unless SELLER opts out below). SELLER has been informed that through the use of these marketing tools the Property will be marketed more widely and if utilized, a lockbox system will help the Property be more readily shown to prospective Buyers but personal property of the SELLER may be more susceptible to theft or damage. SELLER agrees that if utilized, the lockbox system will be for the benefit of the SELLER. SELLER is advised to secure their valuables. SELLER releases BROKER and those working by or through the BROKER, and the Tallahassee Board of REALTORS, Inc. from all liability in connection with any loss that may occur.

    (E) SELLER authorizes BROKER to report to the MLS system the listing information, price, terms and financing information on any resulting sale for use by authorized Tallahassee Board of REALTORS members, MLS participants and subscribers.

    (F) INTERNET DISPLAY AND VIRTUAL OFFICE WEBSITE: Some BROKERS offer real estate brokerage services online. These websites are referred to as Virtual Office Websites (VOW). An automated estimate of market value or comments/reviews about a property may be displayed in conjunction with a property on some VOWS. Anyone who registers on a VOW may gain access to such automated valuations or comments/reviews about any property displayed on a VOW. Unless limited below, a VOW may display automated valuations or comments/reviews (blogs) about this Property.

    SELLER ☐ does ☐ does not want the Property to be displayed on the Internet other than in MLS. SELLER understands that if the "does not" option is chosen consumers who search for listings on the internet will not see information about the listed Property.

    SELLER ☐ does ☐ does not authorize property to be displayed on Virtual Office Websites. If checked does not, then above must also be does not.

    SELLER ☐ does ☐ does not want the address of the listed Property to be displayed on the internet.

    SELLER ☐ does ☐ does not authorize an automated estimate of the market value of the listing (or hyperlink to such estimate) to be displayed in immediate conjunction with the listing of this Property.

    SELLER ☐ does ☐ does not authorize third parties to write comments/reviews about the listing of the Property (or display a hyperlink to such comments/reviews) in immediate conjunction with the listing of this Property.

17. **SPECIAL CLAUSES:** The Listing Agreement and any sale of the property is subject to and conditioned upon approval by the United States Bankruptcy Court   *Sale is As Is with No warranties or guarantees   Sfe, Tlee*

18. **LEGAL MATTERS:** This is a legal contract binding on all parties hereto, and is binding on SELLER'S heirs, personal representatives, administrators, successors and assigns. If SELLER does not fully understand this Agreement SELLER should seek competent legal advice. In connection with any litigation arising out of this Agreement, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney's fees.

19. **COPY OF AGREEMENT:** Signature of Sales Associate shall serve as acceptance for BROKER. BROKER will provide executed copy of this agreement to SELLER. Signatures, initials, and modifications communicated by Fax or e-mail will be considered binding.

| SALES ASSOCIATE *Gaylene Stanley* | SELLER |
| --- | --- |
| DESIGNATED BROKER *Gaylene Stanley* | SELLER |

SELLER'S MAILING ADDRESS (INCLUDE ZIP CODE)

SELLER'S E-MAIL ADDRESS(ES) | SELLER'S PHONE

©1998, Tallahassee Board of REALTORS, Inc. Rev. 04/17 [02]

Serial#: 066023-200153-6852741
Prepared by: Gaylene Stanley | Lord & Stanley Realty, Inc. | gaylene@lordandstanley.com | 8508772189

formsimplicity

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA

In re:                                                    Case No. 18-40261
                                                          Chapter 7
Michael Echols

_____Debtors_____/

### AFFIDAVIT OF GAYLENE STANLEY IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND LORD & STANLEY REALTY INC TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

STATE OF FLORIDA        )
                        )
COUNTY OF Leon          )

Gaylene Stanley, being duly sworn, says:

1. I am a real estate agent duly licensed by the State of Florida.

2. I am an agent of Lord & Stanley Realty Inc a Florida Corporation, with corporate offices located at 1530 Metropolitan Blvd , Tallahassee, FL 32308 ("Listing Agent").

3. I am familiar with the Application to Retain Lord & Stanley Realty Inc, filed by the Trustee ("Application") and the property described therein.

4. I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at 200 Parkbrook Cir, Tallahassee, FL 32301 (the "Property").

5. Lord & Stanley Realty Inc has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure. Based upon my experience and knowledge of the real estate market, I believe that the commission structure proposed to be paid to Listing Agent does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

1

6.	Neither I nor any member of Lord & Stanley Realty Inc hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

7.	To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys or accountants, the U. S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

8.	I represent no interest adverse to the Debtors or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.

_Gaylene Stanley_
Gaylene Stanley of
Lord & Stanley Realty Inc

The foregoing instrument was sworn to and subscribed before me this 13th day of Sept, 2018.

NOTARY PUBLIC

_____
Notary Public, State of Florida

MICHAEL S HUTCHISON
Notary Public - State of Florida
Commission # FF 237183
My Comm. Expires Jun 3, 2019
Bonded through National Notary Assn.

Type, Stamp, or Print Name as Commissioned

2